# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

ALBERTSON'S, LLC, f/k/a ALBERTSON'S, INC.,

    Defendant.

---

## COMPLAINT AND JURY TRIAL DEMAND

---

   This is a public enforcement action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a, to correct an unlawful employment practice on the basis of race (Black), and to provide appropriate relief to Christopher Adams ("Adams"), who was adversely affected by such practice. As alleged with greater particularity in ¶¶ 8 through 47 below, Adams was unlawfully discharged because of his race, Black.

## <u>JURISDICTION AND VENUE</u>

   1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

   2.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a.

   3.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

4.      Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Defendant Albertson's, LLC, f/k/a Albertson's, Inc. ("Albertson's" or "the Employer") is a Delaware limited liability company,

6.      At all relevant times, Albertson's has continuously been doing business in the State of Colorado.

7.      At all relevant times, Albertson's has continuously had at least fifteen (15) employees.

8.      At all relevant times, Albertson's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIM

### General Allegations

9.      More than thirty days prior to the institution of this lawsuit, Adams, a former employee of Albertson's, filed a charge with the Commission alleging violations of Title VII by the Employer.

10.      The EEOC issued a Letter of Determination finding that Adams was subjected to unlawful employment discrimination based upon his race, Black, in violation of Title VII.

11.      Prior to instituting this lawsuit, the EEOC investigated and attempted to eliminate the unlawful employment practice herein alleged and to effect voluntary compliance with Title

VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

13.     Adams is a resident of the State of Colorado.

14.     Adams is African-American and a member of the Black race.

15.     Adams is entitled to the rights and privileges protected by Title VII.

16.     Adams first worked for Albertson's from about June 2001 to about December 2004, when he voluntarily terminated his employment with Albertson's.

17.     Adams then returned to Albertson's employ in about January 2005 and continued to work for Albertson's until his involuntary discharge in March 2007.

18.     Adams worked at Albertson's Distribution Center, located at 2780 N. Tower Road, Aurora, CO 80011 ("the Distribution Center").

19.     Adams was an Order Selector while employed with Albertson's.

20.     Throughout his tenure with Albertson's, Adams performed the functions of his position in a satisfactory manner.

21.     Since at least March 2007, the Employer engaged in unlawful employment practices at its Distribution Center in violation of Title VII.

22.     In about March 2007 Albertson's accused Adams of engaging in a verbal, non-physical altercation ("the Incident") with a non-Black employee, Guillermo Cisneros Magaña ("Magaña").

23.     Adams denied any inappropriate conduct in the Incident.

24.     Brad Davis ("Davis") is Black.

25.     Davis is a Supervisor for Albertson's at its Distribution Center.

26.     Davis investigated the Incident.

27.     Adams and Magaña gave conflicting versions of the Incident to management.

28.     Prior to the Incident, Adams had no history of workplace arguments or violence.

29.     In contrast, Magaña had a history of arguments in the workplace.

30.     Upon information and belief, Magaña had previously threatened co-worker Jesus Lopez but was not disciplined.

31.     Magaña instigated the Incident and was the aggressor.

32.     Davis recommended to Albertson's management that both Adams and Magaña be suspended and assigned to separate shifts.

33.     Adams' Supervisor, Jim Hayes ("Hayes"), is White.

34.     Hayes tampered with and altered the report prepared as a result of the Incident in an effort to falsely create the impression that Adams was more culpable in the Incident than he really was.

35.     After concluding its investigation of the Incident, Albertson's discriminatorily chose to involuntarily discharge Adams.

36.     Albertson's kept Magaña on its payroll.

37.     Albertson's issued Magaña a suspension.

38.     Upon information and belief, after Magaña returned to work from his suspension, he was transferred to the day shift, which is a more desirable shift.

39.     Davis did not agree with Albertson's management's decision to discharge Adams.

40.     Upon information and belief, Albertson's did not terminate White employees who had physical altercations, including Dan Byrd, Will Briscoe, Floyd Parker, Stan Ronfeldt, and Randy Winkler.

41.     Albertson's proffered reason for involuntarily discharging Adams was false and pretextual, and was known to Albertson's to be false and pretextual.

4

42.      As a direct and proximate result of Albertson's unlawful employment practices complained of herein, Adams has suffered, and in the future will suffer, back pay and fringe benefit losses, front pay and benefit losses, out-of-pocket pecuniary losses, lost future earnings capacity, emotional pain, suffering, loss of enjoyment of life, humiliation, loss of reputation, intimidation and inconvenience, other compensable, non-economic injuries, and damages, according to proof.

## Claim For Relief

### (Discharge On The Basis Of Race in Violation of Title VII)

43.      Plaintiff EEOC hereby realleges, reasserts, and incorporates ¶¶ 1 through 42 above with the same force and effect as if fully set forth herein.

44.      In or about March 2007, the Employer engaged in an unlawful employment practice at the Distribution Center in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by discharging Adams because of his race, Black.

45.      The effect of the practice complained of has been to deprive Adams of equal employment opportunities and otherwise adversely affect his status as an employee because of race.

46.      The unlawful employment practice complained of was intentional.

47.      The unlawful employment practice complained of was done with malice or with reckless indifference to the federally protected rights of Adams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Employer, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it from engaging in any employment practices which discriminate on the basis of race.

B.      Grant a mandatory injunction ordering reinstatement of Adams or, as the Court deems necessary and proper in the public interest and to make Adams whole.

C.      Order the Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans/Blacks, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order the Employer to make Adams whole by providing appropriate backpay with pre- and post-judgment interest, in amounts to be determined at trial.

E.      Order the Employer to make Adams whole by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to discrimination on the basis of race.

F.      Order the Employer to make Adams whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described above, including but not limited to relocation expenses, job search expenses, and medical expenses not covered by the Employer's employee benefit plan in amounts to be determined at trial.

G.      Order the Employer to make Adams whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

H.      Order the Employer to pay Adams punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

I.      Award the Commission its costs of this action.

J.      Grant such further relief as this Court deems necessary, just, equitable, and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.


Dated: November 6, 2008              Respectfully submitted,

                          RONALD COOPER
                          General Counsel

                          JAMES L. LEE
                          Deputy General Counsel

                          GWENDOLYN YOUNG REAMS
                          Associate General Counsel

                          U.S. EQUAL EMPLOYMENT
                               OPPORTUNITY COMMISSION
                          1801 L Street, N.W.
                          Washington, D.C.  20507

                          MARY JO O'NEILL
                          Regional Attorney
                          Phoenix District Office

                          s/ D. Andrew Winston
                          Trial Attorney
                          303.866.1361
                          Andrew.Winston@eeoc.gov

                          RITA BYRNES KITTLE
                          Supervisory Trial Attorney
                          303.866.1347
                          Rita.Kittle@eeoc.gov

                          NANCY A. WEEKS
                          Trial Attorney
                          303.866.1947
                          Nancy.Weeks@eeoc.gov

                          EEOC – Denver Field Office
                          303 E. 17th Ave., Suite 410
                          Denver, CO 80203

ANNA Y. PARK
Regional Attorney
Los Angeles District Office
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
213.894.1083
lado.legal@eeoc.gov

**PLEASE NOTE:**
**For purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**